1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Anthony Michael Koch, | No. CV-18-08068-PCT-DLR (ESW) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Brad Jacobs, et al., | |
| Defendants. | |

Plaintiff Anthony Michael Koch, who is confined in the Mohave County Jail, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). The Court ordered Defendants Jacobs and Tribolet to answer Plaintiff's excessive force claim set forth in Count One (Doc. 5 at 4). Service was executed on each Defendant by Waiver of Service of Summons filed July 2, 2018 (Docs. 9, 10). The time to file an answer has not run.

On May 29, 2018 and again on June 1, 2018, Plaintiff filed "Request for Appointment of Counsel" and "Motion for Appointment of Counsel and Supporting Claims and Documents" (Docs. 7, 8). In each motion, Plaintiff is requesting the appointment of counsel because Plaintiff (i) is indigent without resources, (ii) possesses limited legal knowledge and the case is complex, (iii) has limited access to the law library, and (iv) has been unsuccessful in obtaining counsel.

There is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of*

*Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In pro se and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). District courts, however, do have the discretion to request that an attorney represent an indigent civil litigant upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrections Corp. Of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff's filings with the Court indicate that Plaintiff is capable of navigating this proceeding and presenting arguments to the Court. Having considered the likelihood of success on the merits and Plaintiff's ability to articulate his claims, the Court does not find that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff remains in a position no different than many pro se prisoner litigants. The Court will deny Plaintiff's "Request for Appointment of Counsel" and "Motion for Appointment of Counsel and Supporting Claims and Documents" (Docs. 7, 8).

Accordingly,

**IT IS ORDERED** denying Plaintiff's "Request for Appointment of Counsel" and "Motion for Appointment of Counsel and Supporting Claims and Documents" (Docs. 7, 8).

Dated this 6th day of July, 2018.

Honorable Eileen S. Willett
United States Magistrate Judge