**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Michael Koch,<br><br>Plaintiff,<br><br>v.<br><br>Brad Jacobs, et al.,<br><br>Defendants. | No. CV-18-08068-PCT-DLR (ESW)<br><br>**ORDER** |

On August 7, 2018, the Court issued a Scheduling Order setting January 2, 2019 as the discovery deadline. (Doc. 14 at 2). The Court later extended the deadline to April 2, 2019. (Doc. 19). On April 11, 2019, Plaintiff filed a "Request for Extension of Time for Discovery" (Doc. 39). Plaintiff states that he is "having trouble obtaining things such as medical reports, police body cam footage, having trouble contacting EMT's, hospital staff . . . ." (*Id.*). Defendants oppose Plaintiff's request for a 90 to 120 day extension of the discovery deadline. (Doc. 42).

Under Rule 16(b) of the Federal Rules of Civil Procedure, a district court is required to establish a schedule that sets pretrial deadlines. A Rule 16 scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This is because "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (citation and internal

quotations marks omitted). "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id*. Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. *Id*. at 609. If the movant "was not diligent, the inquiry should end." *Id.*

Here, the Court set April 2, 2019 as the discovery deadline. (Doc. 19). Plaintiff has not shown the requisite diligence justifying a modification of the Scheduling Order. *See, e.g., Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (plaintiff's delay in seeking relief from dates in scheduling order evidenced lack of sufficient diligence to modify scheduling order deadlines). Accordingly, Plaintiff's Request (Doc. 39) will be denied.

The Court also has reviewed Plaintiff's "Request for Copies of Document Numbers 35 and 36" (Doc. 40). In their Response (Doc. 43 at 1), Defendants explain that they served copies of those documents at Plaintiff's previous address and have re-served the documents at Plaintiff's current address. Plaintiff's Request (Doc. 40) will be denied as moot.

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff's "Request for Extension of Time for Discovery" (Doc. 39).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's "Request for Copies of Document Numbers 35 and 36" (Doc. 40).

Dated this 14th day of May, 2019.

_____
Eileen S. Willett
United States Magistrate Judge